UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
DAVID O'BEIRN,                      )      No. C11-0345RSL
                                    )
                Plaintiff,          )
        v.                          )      ORDER
                                    )
U.S. DEPARTMENT OF VETERAN          )
AFFAIRS,                            )
                                    )
                Defendant.          )
_____)

This matter comes before the Court on the "United States' Motion to Dismiss and for Injunctive Relief" (Dkt. # 10), plaintiff's "Motion to Request Continuance/Stay of Proceedings Due to Ill Health, Inability to Find Qualified Counsel" (Dkt. # 19), plaintiff's "Motion to Clarify" (Dkt. # 22), and plaintiff's "Motion to Request Court to Dismiss Claim Without Prejudice Due to Illness and Inability to Find Qualified Counsel" (Dkt. # 25).[1]

Plaintiff asserts various constitutional and tort claims against the Department of Veteran Affairs ("VA") arising out of a failure to provide and/or pay for dental care in 2005. Plaintiff alleges that he suffered a nervous breakdown after the VA refused to provide emergency dental treatment in 2005, incurred medical costs of over $3,890, and was denied

---

[1] The Court has considered all three of plaintiff's submissions in the context of defendant's motion to dismiss. These matters can be determined on the papers submitted. Plaintiff's request for oral argument related to Dkt. # 22 is DENIED.

ORDER

benefits in retaliation for filing a tort claim in 2006.[2]  Plaintiff also alleges that the VA lied to or otherwise misled the district court when plaintiff filed a similar lawsuit in 2007.  Defendant seeks to substitute the United States as the named defendant, to dismiss plaintiff's claims, and to enjoin plaintiff from filing future motions and lawsuits based on the same factual allegations.

Plaintiff's claims either arise out of the same factual allegations presented in O'Beirn v. U.S. Dep't of Veterans Affairs, *et al.*, C07-0805RAJ, or suggest that the decision in the first litigation was flawed because of defendant's malfeasance.  The Honorable Richard A. Jones presided over plaintiff's first lawsuit and determined that the district court lacked subject matter jurisdiction to hear what was, in essence, a dispute over the provision of benefits by the VA.  Plaintiff disagreed with the characterization of his claims as a dispute over benefits and filed multiple Rule 60(b) motions and appeals to the Ninth Circuit.  Having failed in his attempts to undo or overturn Judge Jones' decision, plaintiff filed this action.

Having reviewed all of the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) The doctrine of *res judicata* precludes the relitigation of claims that were already decided on their merits.  Judge Jones has, on multiple occasions, found that plaintiff's claims seeking damages and/or injunctive relief arising from the failure to provide or pay for dental benefits in 2005 involved "questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits" that cannot be reviewed "by any other official or by any court."  38 U.S.C. § 511(a).  Plaintiff clearly disagrees, likening his claims to the type of medical malpractice actions that are not subject to the jurisdictional bar of the Veteran's Judicial Review Act ("VJRA") and seeking to differentiate his retaliation and fraud on the court

---

[2] Plaintiff has announced that he no longer intends to pursue the $890 claim related to private dental treatment the payment for which had been authorized but not disbursed.  Dkt. # 19 at 1.

ORDER                                            -2-

claims from those presented in the first lawsuit.[3]  Nevertheless, plaintiff recognizes that he is essentially mounting "a collateral attack on Judge Jones' prior dismissal."  Dkt. # 22 at 5.  Because the characterization of plaintiff's claims has already been decided against him, he cannot relitigate that issue here.

(2)  Defendant requests an order enjoining plaintiff from filing future motions or lawsuits related to his inability to obtain dental treatment or payment authorization from the VA in 2005.  Although the doctrines of collateral estoppel and *res judicata* are normally sufficient protection against repetitious litigation, plaintiff has simply refused to accept Judge Jones' legal determination that his claims are, in fact, challenges to the VA's benefits decisions over which the court lacks subject matter jurisdiction.  See Dkt. # 19 at 1 ("As stated in his claim, [p]laintiff is not suing over an agency decision."); Dkt. # 22 at 2 ("Because the VA ignored his repeated requests for treatment, and never issued a decision, the Court is not being asked to revisit an agency decision, and certainly not a 'benefits decision.'"); Dkt. # 22 at 3 ("The [p]laintiff has never filed a lawsuit challenging the VA's provision of benefits.  His challenges all relate to the VA's failure to perform, a violation of his due process property rights to health care for life."); Dkt. # 28 at 1 ("Plaintiff has never filed a claim for failure to provide benefits").  Plaintiff filed multiple post-judgment motions and appeals in the first litigation, followed by the initiation of this new action.  In his third order denying post-judgment relief, Judge Jones noted that plaintiff's "persistent filing of motions raising issues the court has already resolved, coupled

---

[3] The distinctions plaintiff draws are not persuasive.  The retaliation claim is based on the VA's "refusal to provide medical or dental care from 2005 to 2008 despite constant repeated pleas from the Claimant and his therapist, Dr. James Sullivan, Ph.D."  Dkt. # 1 at 3.  This claim clearly arises from the same decision regarding the provision of benefits that was at issue in the first litigation.  The fraud on the court claim, to the extent one has been asserted, appears to be based on a January 15, 2010, letter indicating that plaintiff is and has been receiving service-connected disability compensation since October 1, 1991.  Because the letter states "[t]he benefit has not been reduced" (Dkt. # 22 at Ex. 2), plaintiff makes the nonsensical arguments that (a) his claims could not possibly have arisen from a reduction in benefits and (b) Judge Jones erred when he determined that the jurisdictional bar of the VJRA applied.

ORDER                                            -3-

with his increasingly antagonistic statements in those motions regarding this court, this court's staff, and counsel for [d]efendants, raises serious questions about whether [p]laintiff should be deemed a vexatious litigant." C07-0805RAJ, Dkt. # 51 at 2. That issue was never resolved in the context of the prior litigation, but it is evidence that plaintiff, if not enjoined, will likely initiate future litigation.

(3) Neither a stay of proceedings nor appointment of counsel would change the fact that plaintiff's claims are barred by the doctrine of *res judicata*.

For all of the foregoing reasons, the "United States' Motion to Dismiss and for Injunctive Relief" (Dkt. # 10) is GRANTED. Plaintiff is hereby enjoined from filing future motions in this cause number or filing new lawsuits arising from his inability to obtain dental treatment or payment authorization from the VA in 2005. Plaintiff's requests for a stay, appointment of counsel, and motions to strike or clarify (Dkt. # 19, # 22, and # 25) are DENIED. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

Dated this 20th day of April, 2012.

Robert S. Lasnik
United States District Judge